IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30401
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILMER RIASCOS,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CR-288"L"
- - - - - - - - - - -
February 12, 1998
Before SMITH, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Gilmer Riascos appeals from his sentence for conspiracy to
distribute cocaine hydrochloride.  Riascos admitted to conspiring
with Javier Murillo-Ortiz ("Murillo"), Tanya Fobbs Ortiz
("Ortiz"), Marvin Fobbs, Mary Ellen Dugas, and Javiel Soriano.
Riascos argues that the district court erred in increasing his
offense level by four levels for being a leader of a criminal
activity involving five or more participants, pursuant to U.S.
Sentencing Guidelines ("Guidelines") § 3B1.1(a).  We review

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

factual findings under the Guidelines for clear error.  United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995).  Factual findings are not clearly erroneous if plausible in light of the record as a whole.  Id.

It is not necessary for the defendant to have personally led all five participants in the criminal activity to warrant the leadership adjustment; personally leading at least one participant is sufficient.  U.S.S.G. § 3B1.1 comment. (n.2); United States v. Okoli, 20 F.3d 615, 616 (5th Cir. 1994). Evidence obtained from Drug Enforcement Administration ("DEA") wiretap monitoring of Ortiz and Murillo's telephone line clearly indicates that Riascos was acting as a leader in relation to Murillo and Soriano.  Therefore, it was not error for the district court to increase Riascos' offense level pursuant to Guidelines § 3B1.1(a).

Riascos further argues that the evidence relied upon by the district court in giving him the leadership adjustment was insufficiently reliable to be used in the sentencing process. All facts used for sentencing purposes are required to be "reasonably reliable."  United States v. Shacklett, 921 F.2d 580, 584-85 (5th Cir. 1991); see U.S.S.G. § 6A1.3(a).  The defendant bears the burden of proving that the evidence relied upon by the sentencing court was untrue.  United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).

The evidence relied upon by the sentencing court was gathered by the DEA agents investigating this conspiracy and was corroborated by the factual basis agreed to by Riascos in his guilty plea.  In addition, Riascos failed to produce any rebuttal evidence to meet his burden of disproving the DEA evidence.  Therefore, the DEA evidence was sufficiently reliable to be used in the sentencing process, and the district court did not err in relying upon it.  See United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989)(uncorroborated hearsay evidence from law-enforcement officer sufficiently reliable).

AFFIRMED.